UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EFRAIN MONTALVO,<br><br>Defendant. | Case No. 3:22-cr-00021-LRH-CLB<br><br>ORDER |

Before the Court are Defendant Efrain Montalvo's ex parte motions for a subpoena (ECF Nos. 28, 2, 30, 31) and the amended applications for those subpoenas (ECF Nos. 34, 35, 36, 37) ordering the City of Reno Police Department to produce documents.

Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in criminal cases. Rule 17(c) permits the Court to issue a subpoena ordering the production of materials before trial. To obtain a subpoena doing so, the moving party must demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of the trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699–700; *see also United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010). Under this standard, the moving party must describe the materials with specificity and demonstrate their relevance and admissibility. *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018); *see also Nixon*, 418 U.S. at 700. But the party cannot use the Rule 17 subpoena as a vehicle for discovery or as a fishing expedition. *Nixon*, 418 U.S. at 699–700.

The Court finds that Montalvo has not made a sufficient showing to satisfy the *Nixon* factors and the specificity standard. Though Montalvo demonstrated that these materials are not otherwise procurable before trial, each of the motions contain overly broad requests that fail to describe the materials with specificity and fail to demonstrate that this is not simply a fishing expedition. The proposed subpoenas also fail to comply with Rule 17(c) by requesting that the documents be produced to the defense counsel's office. But Rule 17(c)'s plain text requires the materials to be produced to the Court and then made available to the parties. In addition, some of the subpoena requests may seek material or information that the government should be given an opportunity to be heard on before the Court issues a subpoena requiring the production of the materials. Accordingly, the subpoena requests are denied.

The Court is of the view, however, that the parties may be able to reach an agreement about the production of some or all the requested materials identified within the motions. The Court recommends that the parties meet and confer to see if an agreement can be reached. If the parties are unable to reach an agreement, the Court is amenable to holding a hearing with both parties regarding the production of specific requested materials. Copies of proposed subpoenas should be provided to the government before such a hearing.

IT IS THEREFORE ORDERED that Montalvo's ex parte motions for a subpoena (ECF Nos. 28, 29, 30, 31) and the amended applications (ECF Nos. 34, 35, 36, 37) are denied.

IT IS FURTHER ORDERED that the ex parte motions and the amended applications (ECF Nos. 28, 29, 30, 31, 34, 35, 36, 37) shall remain sealed. This Order shall be issued unsealed.

IT IS FURTHER ORDERED that if the parties desire to have a hearing regarding the subpoena requests, they shall notify the Court.

IT IS SO ORDERED.
DATED this 1st day of November, 2022.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE